12294

BENNETT v. OTT

(139 S. E., 853)

1. BILLS AND NOTES—PURCHASER OF NOTE WITH NOTICE OF DEFENSE CANNOT CLAIM BENEFIT OF HOLDER IN DUE COURSE.—Purchaser of note, having express notice that maker had valid defense to the note, cannot claim benefit of a holder in due course.

2. BILLS AND NOTES—MAKER HAS BURDEN OF SHOWING THAT INDORSEE OR TRANSFEREE ACQUIRING OWNERSHIP OF NOTE BEFORE MATURITY FOR VALUE HAD NOTICE OF INFIRMITY.—When indorsee or transferee of a negotiable promissory note offers testimony tending to show that he acquired ownership of paper before maturity for value, maker then had burden to show that indorsee or transferee had notice of infirmity on which maker relies to defeat liability.

3. TRIAL—INADVERTENT STATEMENT IN INSTRUCTION THAT TRANSFEREE OF NOTE HAD BURDEN OF SHOWING NO NOTICE OF INFIRMITY HELD NOT PREJUDICIAL, IN VIEW OF OTHER PORTIONS OF CHARGE.—In action on note, inadvertent statement in charge that plaintiff assumed burden of proving that, when he traded for note, he had no notice of alleged infirmity, *held* not prejudicial, in view of other portions of charge declaring that burden was on maker to show indorsee or transferee had notice of infirmity.

Before Moss, J., County Court, Orangeburg, November, 1925. Affirmed.

Action by A. B. Bennett against B. T. Ott. Judgment for defendant, and plaintiff appeals.

The charge of the Court and the third and fourth exceptions are as follows:

JUDGE'S CHARGE·

Mr. Foreman and Gentlemen of the Jury: This case is brought by A. B. Bennett as plaintiff against B. T. Ott as defendant. Bennett is known as the plaintiff and Ott as the defendant.

The plaintiff alleges in his complaint—

(The Court reads the complaint.)

Now the defendant, answering the complaint, says—

(The Court reads the answer.)

Those are the issues for you to decide. It is my duty to charge you as to the law. You are the sole judges of the facts.

This action, as you see from the complaint, is on what is known as a negotiable promissory note. A negotiable promissory note must have a fixed date, must be for a fixed amount, and for a fixed maturity. I charge you that, so far as this note is concerned in form, it is a negotiable note. So you can dismiss that part of it from your consideration.

It is my duty to construe a written instrument, and I construe this to be a negotiable note in due form, and it contains all of the requirements under the negotiable instrument act in this State. You can consider this a negotiable instrument.

Now, Mr. Bennett, the plaintiff in this case, is suing as holder of this note in due course, as he alleges in the complaint. Now the law says, in order for a man to be a holder in due course, he must have taken the note under the following conditions: It must be complete and regular upon its face, and he must become the holder of it before it was due, (2) and without notice that it had been dishonored, if such was the case, (3) and it must be taken in good faith, for value; (4) at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

I charge you further that the Negotiable Instrument Act also provides what should constitute notice of any infirmity in the instrument. I charge you that the law says, to constitute notice of an infirmity in an instrument or defect in the title of the person negotiating it, he must have actual knowledge of the infirmity or defect, and, having such knowledge, if he failed to pursue such knowledge, was his failure such as amounted to bad faith, and if he had such knowledge, and failed to pursue such knowledge, and took the note, and there was an infirmity in the note or defect in

the title, I charge you that he could not recover, and the question of bad faith is a matter that you must decide from the facts in this case. I can't help you with the facts in the case.

When the plaintiff introduces this note which he claims to be the owner of in due course, and it is in due course and in due form, as this act provides, it is then up to the defendant to show some defect in the note. So that, so far as the proof of the allegation of the complaint, the burden of proof is on the plaintiff to satisfy you by the greater weight or preponderance of the evidence that his allegations in the complaint are true.

Now, then, when it comes to the answer of the defendant, the burden shifts to him because he is attacking the integrity of that note. Therefore the Courts say that the onus is on the defendant to show that the plaintiff was not an innocent purchaser without notice of the note set forth in the complaint. So now you see the burden of proof would be on the defendant to show that there was something wrong with that note. He has attempted to do that, and you must judge whether or not he has done so from the facts in the case. So it is your duty now to take into consideration the circumstances in this case and reach a true verdict. The truth is what you are after. Ordinarily, if there are no defects in negotiable notes, they must be sustained, for the reason that commercial business could not be carried on if a man could go and give a note and then refuse to pay it. So the law says that, even though there is a defect in the note, if he is the innocent purchaser of the note for value before maturity, unless he should have some notice of such defect in the note, the note should be sustained, unless he had such notice, and, having such notice, failed to pursue it, and, in your judgment, such failure to pursue such notice amounted to bad faith, and if such is the case, then the plaintiff could not recover.

The plaintiff submits certain requests to charge. In substance I have charged them, but I will charge them again:

(1) I charge you that the burden of proof is on the defendant to show that the plaintiff is not an innocent purchaser without notice. *Bank v. Crawford,* 103 S. C., 343; 88 S. E., 26.

I have just charged you that. The burden is on the defendant to show that something was wrong with the note, as claimed in the answer.

(2) I charge you that, in order to defeat the right of a *bona fide* holder for value of commercial paper, something more is required than proof of facts and circumstances which merely give rise to suspicion, or which may be sufficient to put a prudent man on inquiry. There must be proof of actual notice or knowledge of the defect in the title or bad faith on the part of the holder at the time he purchased the paper. *Citizens' Trust & Savings Bank v. Stackhouse,* 91 S. C., 455; 74 S. E., 977; 40 L. R. A. (N. S.), 454. I charge you that.

(3) I charge you that, even though you should find that the note was obtained from the defendant by fraud, this would not defeat the right of the plaintiff to recover under the note, unless it is proven that the plaintiff had actual notice or knowledge of the fraud, or acted in bad faith at the time he purchased the note.

In addition to that, I will charge you that, at the time it was negotiated to him, he must show that, at the time it was negotiated to him, he had no notice of any infirmity in the instrument or defect in the title, and that such notice, if disregarded and not pursued, would amount to bad faith in his taking the note. Therefore you see the question of whether or not the plaintiff had sufficient notice to put him on inquiry and failure to pursue that notice would amount to bad faith. That is question for you.

Now I have some requests on the part of the defendant:

(1) I charge you that to defeat the rights of a holder or purchaser for value before maturity of a note something more is necessary than to prove facts and circumstances which merely give rise to suspicion, or which may put a prudent person on inquiry. There must be proof of actual notice or knowledge of the defect; however, actual notice and bad faith may be shown by circumstantial evidence as well as by direct evidence. *Citizens' Trust & S. Bank v. Stackhouse,* 91 S. C., 455; 74 S. E., 977; 40 L. R. A. (N. S.), 454. I charge you that.

(2) I charge you that it is sufficient to effect a purchaser with notice that he had knowledge of fraud or illegality in the transaction as a whole, and notice of the specific facts which impeach the validity of the instrument or transaction need not be brought home to him. 8 C. J., 506. I charge you that.

(3) I charge you that, where plaintiff must have known at the time he acquired the note that there was a failure of consideration, and if you so find, he is not an innocent holder for value. Note, 8 C. J., 511. I charge you that.

(4) I charge you that the Negotiable Instrument Law expressly provides that, to constitute notice or infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such that his action in taking the instrument amounted to bad faith. And, if you find in the case at bar that the plaintiff had actual knowledge, through his agent or otherwise, of the failure of the consideration of the said note, you will find for the defendant, if there was such failure of consideration for said note. *Patterson v. Orangeburg Fertilizer Co.,* 117 S. C., 140; 108 S. E., 401.

(5) A purchaser of a negotiable note is an innocent purchaser, if it was purchased by him for value before maturity, and at the time it was negotiated to him he had no

notice of any infirmity or defect in the title of the person negotiating it. Section 3703, 3 Code of Laws of S. C., 1922. I charge you that.

(6) If the purchaser of any such note had such notice, as I have charged you, then he has no higher title thereto than the original holder thereof, and any defenses thereto that may have been available to the maker may be set up against the holder. I charge you that.

(7) If the note was without consideration, or was obtained through fraud, and such notice has been proved to have been brought to the knowledge of the holder, as I have heretofore charged you is necessary, then he cannot recover against the defendant.

I think you understand the law. You take into consideration all the facts and the testimony and the law in this case. As I have charged you, the burden of proof is on the plaintiff to prove the allegations in his complaint. When he has done that, then the burden shifts to the defendant, who attacks the integrity of the note, and the proof or the burden of proof shifts to the defendant to prove the allegations and the defenses set up in the answer of the defendant.

Now you have heard the testimony, and it is up to you to find a verdict. If you find for the plaintiff, you say we find for the plaintiff so many dollars and so many cents, and, if you find for the defendant, say we find for the defendant, writing your verdict on the back of this summons and complaint.

## Exceptions

(3) That the trial Judge erred in charging the jury as follows:

"I charge you that, even though you should find that the note was obtained from the defendant by fraud, this would not defeat the right of the plaintiff to recover under the note, unless it is proved that the plaintiff had actual notice or

knowledge of the fraud, or acted in bad faith at the time he purchased the note.

"In addition to that, I will charge you that, at the time it was negotiated to him, he must show that, at the time it was negotiated to him, he had no notice of any infirmity in the instrument or defect in the title, and that such notice, if disregarded and not pursued, would amount to bad faith in his taking the note."

The error being that such charge placed upon the plaintiff the burden of showing no notice or knowledge on his part of any fraud in the securing of the note, and no notice or knowledge of any infirmity or defect in the title thereto, and that he acted in good faith in purchasing same, when as a matter of law the burden of showing notice and knowledge of fraud and of defect in the title or infirmity in the note as well as bad faith rests with the defendant.

(4) That the trial Judge erred in charging the jury as follows:

"I charge you that, even though you should find that the note was obtained from the defendant by fraud, this would not defeat the right of the plaintiff to recover under the note, unless it is proved that the plaintiff had actual notice or knowledge of the fraud, or acted in bad faith at the time he purchased the note.

"In addition to that I will charge you that, at the time it was negotiated to him, he must show what at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title, and that such notice, if disregarded and not pursued, would amount to bad faith in his taking the note. Therefore you see the question of whether or not the plaintiff had sufficient notice to put him on inquiry and failure to pursue that notice would amount to bad faith."

The error being that such charge placed upon the plaintiff a duty which the law does not; namely, that of pursuing notice of any infirmity in a negotiable note.

*Messrs. W. D. Bennett, Salley & Salley,* and *Wolfe & Berry,* for appellant, cite: *Rule relative to notice or knowledge in respect to infirmity in negotiable note:* 8 C. J., 501, 504; 117 S. C., 156. *Error to allow testimony as to fraud in case at bar:* 91 S. C., 459. *Directed verdict for plaintiff proper:* 117 S. C., 156; 110 S. C., 462; 91 S. C., 459.

*Messrs. Lide & Felder,* for respondent, cite: *Holder in due course N. I. L.:* Sec. 3703, Vol. 3, Code, 1922. *Proper to submit to jury whether plaintiff purchaser for value before maturity without notice of defect:* 91 S. C., 455; 134 S. C., 218.

October 24, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action by the plaintiff upon a negotiable promissory note, executed by the defendant, payable to his own order, indorsed by him in blank, delivered to one J. D. Shuler, and by him transferred to the plaintiff, for value before maturity.

The note is dated May 16, 1924, due six months after date, for $625, with interest from date at 6 per cent. per annum, and with 10 per cent. attorney's fees, upon the usual conditions. It was transferred by the indorsee, Shuler, to the plaintiff, a few days after its execution, for value.

The defendant alleges that the note was given for stock in the Carolina Remedies Company, a vessel which began its voyage upon smooth seas and with favoring winds, but later has sunk into "the port of missing traders"; that his subscription was obtained by willfully false representations; and that the note was without consideration. He also alleges that the plaintiff had notice, before he traded for the note, of the circumstances under which it was given.

The defendant attempted to establish this last allegation by testimony to the effect that, before the plaintiff traded for the note, he sent one of his friends, Pet C. Way, with the

note, to the defendant, to inquire whether it was all right or not, that he told the emissary to tell the plaintiff "not to buy the note, as I did not have nothing for the note." The plaintiff admits that he sent Way with the note to the defendant, but declares that it was only for the purpose of assuring himself of the genuineness of the defendant's signature, which was not familiar to him; that Way reported that the defendant admitted his signature and his liability on the note. In this he was corroborated by Way.

The case was tried before his Honor County Judge Moss and a jury. He gave an exceedingly clear charge, except in a particular to be noted, which sent the issue of fact above indicated fairly to the jury. They found for the defendant, and the plaintiff has appealed.

If the jury believed the testimony in behalf of the defendant, the plaintiff had express notice that the defendant had a valid defense to the note, and could not therefore claim the benefit of a holder in due course. Their verdict shows that they did believe it, and that should end the controversy, unless harmful error in the Judge's charge may be shown.

The plaintiff contends that such error is shown in the charge that the plaintiff assumed the burden of proving that, when he traded for the note, he had no notice of the alleged infirmity.

In the case of *Farr v. St. George,* 128 S. C., 67; 122 S. E., 24, the Court said: "* * * That evidence directed to establishing those defenses would not be received until the defendant had introduced sufficient evidence, tending to establish that the plaintiff was not a holder in due course, to require submission of that issue to the jury"; from which it follows that, when the indorsee or transferee of a negotiable promissory note offers testimony tending to show that he acquired ownership of the paper before maturity for value, the burden is then thrown upon the

maker to show that the indorsee or transferee had notice of the infirmity upon which he relies to defeat liability.

This principle was again and again declared by the presiding Judge; the portion of the charge complained of was plainly an inadvertence, which could not reasonably have effaced from the minds of the jury the correct principle announced. . Moreover, the issue of fact was so sharply drawn that we cannot think that such inadvertent statement of the burden of proof could have prejudicially affected the rights of the defendant.

Let the charge be reported.

The judgment of this Court is that the judgment of the County Court be affirmed.

Mr. Chief Justice Watts and Messrs. Justices Blease, Stabler and Carter concur.

Mr. Justice Carter (concurring) : In concurring in the opinion of Mr. Justice Cothran, I wish to add that, at the close of the Judge's charge to the jury, he specifically charged that the burden of proof relative to defects in the note was on the defendant. At the conclusion of his charge, the Judge used the following language:

"As I have charged you, the burden of proof is on the plaintiff to prove the allegations in his complaint. When he has done that, then the burden shifts to the defendant, who attacks the integrity of the note, and the proof or the burden of proof shifts to the defendant to prove the allegations and the defenses set up in the answer to the defendant."

In view of this clear statement of the law by the Judge at the conclusion of his charge, and in view of the full statement of the law on the question in other parts of his charge, I am of the opinion that the jury was not misled, and the plaintiff not prejudiced on account of the language used by the Judge which is set forth under the third and fourth exceptions.

The charge and the exceptions should be reported.